**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ERIC C. DETERS

    Plaintiff,

           v.

MARK SCHWEIKERT,

    Defendant

Case No. 1:19-cv-0024

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

## I. Factual and Procedural Background

Plaintiff Eric Deters, proceeding *pro se*, initiated this action on January 8, 2019 by filing a 93-page complaint, consisting of 400 numbered paragraphs and supported by 244 pages of attached exhibits.[1] Plaintiff identifies himself as a "retired Ohio attorney who works at Deters Law in many capacities including as a trial consultant and paralegal in the courtroom during hearings and trials." (Doc. 1, Complaint at ¶1). Relevant to his complaint in this case is the fact that Plaintiff is not licensed to practice law for his namesake firm in any state.[2] Although Plaintiff was permitted to retire from Ohio, he remains under suspension in Kentucky and in this Court.[3] See *Deters v. Ky. Bar Ass'n*.

---

[1] The complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The lengthy complaint instead repeats, verbatim, numerous allegations taken from other complaints filed in this Court alleging bias by Judge Schweikert in the *Durrani* litigation. The use of borrowed allegations from other complaints, aside from their questionable relevance, adds confusion through references to "Plaintiffs" and "Defendants" who are parties to other cases, but are not parties to *this* federal case.

[2] The website for Deters Law is "ericdeters.com."

[3] Plaintiff's retirement from Ohio practice was effective September 17, 2014. Although he initially attempted to retire from the practice of law in Kentucky, he was prohibited from doing so under Kentucky Supreme Court Rule 3.480(1), which prohibits withdrawal from membership during the pendency of disciplinary proceedings. *Kentucky Bar Ass'n v. Deters*, 465 S.W.3d 30, 35 (Ky. 2015). His subsequent challenge to that rule was rebuffed for failure to state any claim in *Deters v. Ky. Bar Assoc.*, 130 F. Supp.3d 1038 (E.D.

1

646 Fed. Appx. 468, 470 (6th Cir. 2016) ("Since 2012, Deters has been suspended from the practice of law on multiple occasions for violations of the Kentucky Rules of Professional Conduct, including several instances of dishonesty…. Deters has unsuccessfully challenged the disciplinary process multiple times in both state and federal court.").

The instant case arises in the context of Deters' current employment. Despite his inability to practice law, Deters alleges that he holds a constitutional right to continue to appear before Ohio courts, working for his prior firm as a "trial consultant and paralegal in the courtroom during hearings and trials" in the same cases in which he once practiced as an attorney. (Complaint, Doc. 1 at ¶1). The cases that underly the above-captioned complaint involve Dr. Durrani, a spine surgeon who fled the jurisdiction of this Court during the pendency of criminal proceedings against him, *see United States v. Abubakar Atiq Durrani*, Case No. 1:13-cr-84, but who continues as a named defendant in hundreds of civil lawsuits pending against him in both state and federal courts. Plaintiff alleges that Deters Law continues to represent "approximately 528 clients… in medical malpractice and fraud lawsuits for unnecessary spine surgeries" against Dr. Durrani and associated

---

Ky. 2015). Plaintiff has been disciplined and suspended from the practice of law on multiple occasions; his September 2014 suspension from this Court remains in effect, as does his suspension in Kentucky. *See In Re Eric C. Deters*, Case No. 1:12-mc-042; *see also* https://www.kybar.org/members/?id=32538435 (accessed on April 12, 2019). Cases involving disciplinary proceedings and/or Rule 11 sanctions against Deters include: *Deters v. Ky. Bar Ass'n*, 646 Fed. Appx. 468 (6th Cir. April 28, 2016), *cert. denied,* 137 S. Ct. 496 (Nov. 28, 2016); *Deters v. Ky. Bar Ass'n*, 474 S.W.3d 299 (Ky. 2016); *Ky Bar Ass'n v. Deters*, 465 S.W.3d 30 (Ky. 2015); *Deters v. Ky. Bar Ass'n*, 130 F. Supp.3d 1038 (E.D. Ky. 2015); *Deters v. Ky. Bar Ass'n*, Case No. 1:14-cv-192 (S.D. Ohio 2014). *Kentucky Bar Ass'n v. Deters*, 406 S.W.3d 812 (2013), *cert. denied*, 134 S. Ct. 965 (Jan. 13, 2014); *Deters v. Ky. Bar Ass'n*, 408 S.W.3d 71 (Ky. 2012); *Ky. Bar Ass'n. v. Deters*, 360 S.W. 3d 224 (Ky. 2012); *Deters v. Kenton County*, 2012 WL 512588 (Ky. Ct. App. Feb. 17, 2012); *Deters v. Ky. Bar Ass'n*, 2011 WL 5837172 (E.D. Ky. Nov. 21, 2011), *aff'd*, Case No. 11-6524 (6th Cir. Dec. 10, 2012); *Deters v. Davis*, 2011 WL 2417055 (E.D. Ky. June 13, 2011); *Deters v. Davis*, 2011 WL 127166 (E.D. Ky. Jan. 14, 2011); *Deters v. Huebener*, 2009 WL 874607 (Ky. Ct. App. April 3, 2009). Plaintiff also has been suspended from the practice of law in Florida. *See The Florida Bar v. Deters*, 118 So. 3d 808, 2013 WL 3388370 (Fla. June 27, 2013) (Table).

defendants. (*Id.* at ¶74). Although most of the *Durrani* cases are presently being litigated in the state courts, some remain in this Court.

In this case, Plaintiff has sued Hamilton County Court of Common Pleas Judge Mark Schweikert as the judicial officer "overseeing the Dr. Durrani cases by special assignment of [Ohio] Chief Justice O'Connor." (*Id.* at ¶3). Judge Schweikert is named solely in his official capacity. (*Id.*) Plaintiff and/or Deters Law "and the lawyers assisting Deters Law" have repeatedly attempted to force Judge Schweikert to recuse. (*Id.* at ¶¶20-21). In fact, Deters Law has filed multiple lawsuits in this federal Court in an attempt to "challeng[e] [Judge] Mark Schweikert's authority to serve, the Ohio recusal process, being unconstitutional and his not properly handling the cases and his attempt to make Durrani Plaintiffs pay over $1 million in advance of costs." (*Id.* at ¶25, citing Case Nos. 1:18-cv-3452; 1:18-cv-139; 1:18-cv-599; 1:18-cv-699).[4] Although a few of the referenced cases remain pending, the Sixth Circuit recently affirmed the dismissal of one such case based upon the doctrine of *Younger* abstention. *See Aaron v. O'Connor*, Case No. 1:17-cv-846, *aff'd* at 914 F.3d 1010 (6th Cir. Jan. 30, 2019).

Rather than challenging Judge Schweikert's authority to preside over the state court *Durrani* proceedings, in the above-captioned case Plaintiff challenges one of Judge Schweikert's rulings. On October 4, 2018, Judge Schweikert filed an order that excludes Deters from further participation in all state court *Durrani* proceedings, both pretrial and trial, and regardless of the state court judicial officer presiding, "unless leave is otherwise granted." (Doc. 1-1 at 4). The Order states:

---

[4] Though not cited by Plaintiff Deters, the undersigned takes judicial notice of two additional related cases filed in this Court, Case Nos. 1:18-cv-169 and Case No. 1:17-cv-846.

> It appearing to the Court that Mr. Eric Deters has routinely attended proceedings related to the Durrani Litigation as an associate of the Deters Law Firm; and
>
> It appearing that Mr. Eric Deters and the Attorneys associated with him and the Deters Law Firm have been repeatedly warned about his disruptions in the proceedings and that continued disruptions would result in sanctions; and
>
> It further appearing that on October 3, 2018, during a pretrial on the record in the case of Corry Wright v. Abubakar Atiq Durrani, Case NO. A1402534, Mr. Eric Deters once again caused a physical disruption to the proceedings by his outrageous physical conduct as well as his vocal address to the record without leave or admission further distracting the Court and the other participants in the proceeding.
>
> IT IS THEREFORE ORDERED that Mr. Eric Deters is excluded from attending the proceedings in the Durrani Litigation, whether or not the Court is in session and regardless of which judicial officer is conducting the proceedings, unless leave is otherwise granted, and until further order of the Court.
>
> In addition to Mr. Eric Deters, counsel designated in the case, who are associated with Mr. Eric Deters and the Deters Law Firm shall be responsible for his full compliance herewith. Failure to comply with this order may result in contempt and sanctions therefore.
>
> This order given on the record in chambers before all counsel on October 4, 2018 and personally delivered and served on Frederick Johnson, counsel for the Plaintiff, and ordered to be personally served by Mr. Johnson or Mr. Eric Deters, his associate. Mr. Johnson shall report below on a copy of this order that he has completed this service as directed.

(*Id.* at 3-4).

Plaintiff alleges that the referenced Order amounts to an unconstitutional and "unfair 'Eric Deters' Rule." (Doc. 1 at ¶2). Borrowing and restating from other cases the Deters Law Firm's numerous allegations of bias and prejudice by Judge Schweikert and Chief Judge Maureen O'Connor (who is not a named defendant in this case), Plaintiff alleges herein that "the Court's sanction was a form of contempt without a hearing, a violation of Deters Law and my right to have a hearing on the contempt." (*Id.* at ¶24).

4

Plaintiff asserts a constitutional right to appear in state court *Durrani* proceedings, citing the "open courts" provision of the Ohio Constitution and the Free Speech and Free Press Clauses of the First Amendment to the United States Constitution. (*Id.* at ¶400). Notwithstanding the length of his complaint, Plaintiff articulates only one claim. (*Id.* at ¶¶398-400). Thus, in "Count I," Plaintiff seeks "an Order protecting his rights to attend Durrani trials." (*Id.* at 92). More generally, Plaintiff seeks declaratory and injunctive relief, costs, and attorney's fees based upon "42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, the United States Constitution, the Ohio Constitution (Article 1, § 16), and other [unspecified] applicable law." (*Id.* at ¶5).

Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation on any dispositive motions. This matter is now before the court on cross motions for judgment on the pleadings (Docs. 8, 13) and the parties' responsive memoranda (Docs. 12, 15).[5] Upon careful consideration of the record in this matter, the undersigned recommends that Plaintiff's 12(c) motion be denied and that Defendant's 12(c) motion be granted.

**II.    Analysis**

    **A. Standard of Review**

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of

---

[5] Although Plaintiff's Rule 12(c) motion was prematurely filed prior to the filing of Defendant's Answer, it is considered as if timely filed.

5

law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted).

### B. Defendant Judge Schweikert is Entitled to Absolute Immunity for all claims for injunctive relief

Plaintiff seeks relief under 42 U.S.C. § 1983, which prohibits a person who acts "under color of state law" from depriving another of a right or privilege "secured by the Constitution" or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir.1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986)). However, the order challenged by Plaintiff here was issued by Judge Schweikert in the performance of his judicial duties. Under the statute and controlling Supreme Court authority, state court judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *see also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985).

6

Only two exceptions to immunity apply: "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Stern.* 262 F.3d at 607 (quoting *Mireles,* 502 U.S. at 11–12). Plaintiff Deters has not alleged *any* facts indicating that either exception applies, nor does he so much as argue that any exception applies in his opposition to the Defendant's motion for judgment on the pleadings. Instead, Plaintiff argues only that the doctrine of judicial immunity does not bar his claims for injunctive or declaratory relief.

Plaintiff cites *Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970 (1984), to assert that judicial immunity does not preclude injunctive relief. However, *Pulliam*'s injunctive relief holding was statutorily superseded *more than two decades ago* in the Federal Courts Improvement Act of 1996. Pub. Law. 104-317 § 309(c) (1996) (codified as amended at 42 U.S.C. § 1983). As Deters is well aware (having been so advised at least twice by federal courts), 42 U.S.C. § 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See Deters v. Ky. Bar Ass'n*, 130 F. Supp.3d 1038, 1048 (E.D. Ky 2015).

Deters' conduct in continuing to pursue an obviously specious claim for injunctive relief provides grounds for the *sua sponte* imposition of Rule 11 sanctions in this case. In *Deters v. Davis*, 2011 WL 2417055, U.S. District Judge Danny Reeves sanctioned Deters under Rule 11 for presenting equally frivolous claims, including the same "incorrect assertion and reliance on *Pulliam*…for the proposition that judicial immunity does not extend to suits for injunctive relief." *Id.* at *6. Considering another specious argument

presented by Deters based upon a misreading or misrepresentation of other Supreme Court case law, Judge Reeves wrote in part:

> The Court is at a loss to understand how Deters could have read this holding—that was included in the research he claims to have reviewed and later submitted to the Court—and still, in good faith, state that *Rooker–Feldman* was not even *implicated.* The dissonance between Deters' research and his written assertions supports one of two conclusions, neither of which constitutes acceptable conduct by an attorney practicing in this Court. First, giving him the benefit of the doubt, Deters has exhibited a complete lack of understanding of what he reads. Second, Deters has demonstrated a willful deception of materials presented to the Court. Either way, despite having sufficient research presented to him, Deters failed to either personally review and/or comprehend the legal precedent in the manner expected by a member of the bar. He failed to conduct a reasonable inquiry into the law before stating in writing that no state-court orders or decisions predicated his case. For that reason, the Court finds that Deters violated Rule 11 by his statements in Paragraph 49 of his Complaint.

*Deters v. Davis*, 2011 WL 2417055, at *5 (*see also id*. at n.1, holding that "the fact that Deters is technically proceeding pro se, rather than as an attorney in a representative capacity, does not change the Court's analysis.").

Rule 11(c)(3) of the Federal Rules of Civil Procedure provides that a court may order a party "to show cause why conduct specifically described in the order has not violated Rule 11(b)." Numerous courts, including the Sixth Circuit, have confirmed that courts may impose Rule 11 sanctions, *sua sponte*, against even a pro se party under appropriate circumstances. *See Lemaster v. United States*, 891 F.2d 115, 120-121 (6th Cir. 1989); *see also generally Hilgeford v. Peoples Bank, Portland, IN*, 110 F.R.D. 700 (N.D.In 1996). In this Report and Recommendation, the undersigned recommends that an order issue to Plaintiff Deters to show cause why his conduct has not violated Rule 11 in this case sufficient to justify, at a minimum, a monetary sanction payable to the Clerk

of Court for the undue waste of judicial resources required to adjudicate the patently frivolous claims presented.

### C. No Viable Claim for Attorney's Fees

Plaintiff's inclusion of a claim for an award of attorney fees under 42 U.S.C. § 1988 is similarly specious and violative of Rule 11. See *Kay v. Ehrler*, 111 S. Ct. 1435 (1991) (holding pro se attorney not entitled to attorney fees under § 1988). "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." 42 U.S.C § 1988. *See also Deters v. Davis*, 2011 WL 2417055 at n.6 (noting the inapplicability of 42 U.S.C. §1988 provision).

### D. *Younger* Abstention Applies to Claim for Declaratory Relief

Unlike the claims for injunctive relief and attorney's fees, Plaintiff's claim against Judge Schweikert in his official capacity for declaratory relief is not *wholly* frivolous, because the doctrine of judicial immunity does not bar claims for declaratory relief. See 42 U.S.C. § 1983. However, the undersigned recommends that this Court exercise its discretion to abstain from considering Plaintiff's claim for relief under the third category specified under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515 (1982).

The *Younger* abstention doctrine has been applied in similar contexts to other cases that Plaintiff Deters and/or Deters Law have pursued, including in the most recently affirmed decision of this Court. *See Aaron v. O'Connor*, 914 F.3d 1010 (affirming trial

9

court's dismissal of claims under *Younger,* in Case No. 1:17-cv-846, where claims sought to enjoin Chief Justice O'Connor from ruling on the affidavit of disqualification pertaining to Judge Schweikert in the *Durrani* litigation and to enjoin Judge Schweikert from taking on any action prior to ruling on the affidavit of disqualification); s*ee also, generally, Deters v. Davis*, 2011 WL 127166 at **6-7 (applying *Younger* abstention); *Deters v. Kentucky Bar Ass'n*, 2011 5637172 at **5-6 (same), *aff'd,* Case No. 11-6524 (6th Cir. Dec. 10, 2012); *Deters v. Davis*, 2011 WL 2417055 at *6 (same); *Deters v. Kentucky Bar Ass'n*, 646 Fed. Appx. at 473 and n.5 (same).

Like the claims presented in *Aaron v. O'Connor* (which included some identical allegations of bias against Judge Sweikert), the above-captioned case falls within the category of civil proceedings requiring abstention because they "involv[e] certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 109 S.Ct. 2506, 2518, 491 U.S. 350, 368 (1989). Deters' allegation that Judge Schweikert's order is equivalent to an order of civil contempt, (Doc. 1 at ¶24), does nothing to advance his cause, since a civil contempt proceeding falls even more clearly within the doctrine. *Aaron*, 914 F.3d at 1017-1017 (explaining that a contempt proceeding is a "prototypical example" of civil cases falling within the specified category of state civil proceedings requiring abstention). As the Sixth Circuit most recently explained:

> [O]nce we have determined that a case falls into a *NOPSI* category in which *Younger* abstention may be proper, we next analyze the case "using a three-factor test laid out in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)." *Doe*, 860 F.3d at 369 (citing *Sprint*, 571 U.S. at 81, 134 S.Ct. 584). If "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the

> federal plaintiff with an adequate opportunity to raise his constitutional claims," we may abstain from hearing the federal claim. *Id.*

*Aaron v. O'Connor*, 914 F.3d at 1018.

Applying the *Middlesex* test to the October 3, 2018 Order, all three factors apply. First, state court proceedings are currently pending – Plaintiff's complaint seeks a Declaratory Judgment from this Court effectively overruling the trial court's order in the ongoing state court *Durrani* proceedings. Second, Judge Schweikert's order typifies the same type of interests present in a contempt proceeding - a state court's ability to control the sanctity of its civil court proceedings without undue disruption from a specifically identified member of the public, who is not a witness, a party, or counsel.[6] Third, to the extent that Plaintiff Deters seeks to present his constitutional claims, he is presumed to retain the ability to do so in state court, notwithstanding conclusory allegations to the contrary. (See Doc. 1 at ¶98, "[a]ppealing biased and clearly wrong rulings is not a fair remedy to Plaintiffs. A fair and impartial trial judge is and that is not Mark Schweikert.").

### E. The *Rooker-Feldman* Doctrine

To the extent that this lawsuit is construed as an appeal of Judge Schweikert's order barring him from attending *Durrani* proceedings, the *Rooker-Feldman* doctrine also bars direct review. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 148 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). In 2003, the Sixth Circuit held that the doctrine applied to interlocutory

---

[6] Although the parties herein focus on the language in the order that bars Deters due to his physically and verbally disruptive behavior after multiple warnings from Judge Schweikert that the state court deemed to be "distracting" to participants and the court, the order also alludes to Deters' attendance at *Durrani* proceedings "as an associate of the Deters Law Firm." The term "associate of [a law firm]" typically refers to the status of an attorney, but may have been intended in this instance to more generically refer to Plaintiff's position as a paralegal. In his complaint, Plaintiff makes clear that he believes that the preparation of witnesses, drafting questions, preparing exhibits, and "countless other work" does not constitute the unauthorized practice of law. (Doc. 1 at ¶¶ 12, 23).

11

orders and to orders of lower state courts. *Pieper v. Am. Arbitration Ass'n, Inc*., 336 F.3d 458 (6th Cir. 2003); *see also Deters v. Davis*, 2011 WL 127166 at *4 (rejecting Deters' invitation to review an interlocutory order denying Deters' motion to recuse in a state-court proceeding under *Rooker-Feldman*). Some district courts within the Sixth Circuit have reasoned that the doctrine can no longer be applied to interlocutory orders based upon the Supreme Court's decision *in Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 292 (2005), but other judges in this district have disagreed. *See Traufler v. O'Connell*, 2018 WL 684756 at *2 (S.D. Ohio Feb. 2, 2018) (Rose, J., holding that *Exon Mobile* "does not stand for the proposition that interlocutory orders from state courts are outside the *Rooker-Feldman* doctrine); *contrast Persley v. Lee*, 794 F. Supp.2d 728, 731-732 (E.D. Ky. 2011).

    **F. Alternative Recommendation that Judgment be Granted on the Merits**

As explained above, the undersigned has concluded that Judge Schweikert is entitled to judicial immunity for Plaintiff's claim for injunctive relief under 42 U.S.C. § 1983. That claim should be dismissed with prejudice, as should Plaintiff's frivolous claim for attorney's fees. By contrast, Plaintiff's claim for declaratory judgment could be dismissed without prejudice under the doctrine of *Younger* abstention, or alternatively could be dismissed with prejudice under *Rooker-Feldman* to the extent that Plaintiff seeks to appeal Judge Schweikert's order to this Court. The foregoing analysis eliminates any reason to reach the merits of Plaintiff's claim.

However, solely in furtherance of judicial economy should any reviewing court disagree with the prior analysis, the undersigned includes an additional and alternative recommendation that Defendant's motion for judgment on the pleadings be granted on

the merits. In court, "the First Amendment rights of everyone (attorneys included) are at their constitutional nadir." *Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir. 2005). Even disruptive defendants can be excluded from court proceedings. *Illinois v. Allen*, 397 U.S. 337 (1970) (stating trial judges have discretion in responding to disruptive conduct to restore dignity, order, and decorum; there is not a single formula presenting a panacea to maintain, retain, and restore order and decorum). Courtrooms are not fora that entitle all individuals to absolute rights of access and speech. In Plaintiff's 12(c) motion, Deters asserts that "it is clear and undisputable [sic] Eric Deters has a constitutional right to be in the courtroom as a member of the public and to assist the attorneys trying Deters Law cases." (Doc. 8 at 2). To the contrary, Deters possesses no absolute right of access or ability to participate in state court *Durrani* proceedings.

To the extent Deters asserts his rights as a member of the public, courts have confirmed that individual members of the public can be excluded from the courtroom for any number of reasons, including use of cellphones in contravention of signs proscribing use of electronic devices. *See* e.*g.*, *Huminski v. Corsones*, 386 F.3d 116, 149 (2d. Cir. 2004) (also stating that "even the best behaved and least objectionable person seeking admittance may be barred from a courtroom for mundane practical reasons"). Thus, any single spectator or member of the public may be excluded for engaging in improper behavior. Even assuming that the constitutional right of public access that applies to civil proceedings (including pretrial proceedings) is completely co-extensive with the constitutional right of access to criminal trials, that interest is not abridged "where, as here, the trial remains open to the public, including the media, and the only person excluded from the proceedings is the disruptive spectator." *Swell v. Sheets*, 2011 WL

13

4914911 at *13 (S.D. Ohio Oct. 14, 2011) (discussing exclusion of single family member from a criminal trial).

To the extent that Deters claims greater rights than the public-at-large in his "paralegal" or "trial consultant" role as an employee of Deters Law, Plaintiff possesses no greater First Amendment rights than possessed by the attorneys for whom he works. Yet, in the courtroom setting, the First Amendment rights of attorneys are clearly circumscribed.

> An attorney's speech in court and in motion papers has always been tightly cabined by various procedural and evidentiary rules, along with the heavy hand of judicial discretion. In fact, judges regularly fine attorneys, and even throw them in jail from time to time, as a direct consequence of attorneys' in-court speech, and it appears no circuit court has ever found this to violate the First Amendment.

*Mezibov v. Allen*, 411 F.3d at 717 (internal footnote omitted).

Transcripts of the *Durrani* proceedings indicate that Deters disrupted proceedings, including interrupting the oral arguments of attorneys, on several occasions. Judge Schweikert notified Deters that his conduct was disruptive, and gave Plaintiff several opportunities to correct his behavior.[7] Judge Schweikert's response in excluding Deters from proceedings was an exercise to restore order and decorum in the courtroom. While non-licensed persons may speak in court, individuals are not entitled to address the court at any time or in any manner.

### III.  Conclusion and Recommendation

For these reasons, it is therefore **RECOMMENDED THAT:**

(1) Plaintiff's motion for judgment on the pleadings (Doc. 8) be **DENIED;**

---

[7] *See* Defendant's counsel's answer and 12(c) motion references transcripts from April 17, 2018 and May 21, 2018 proceedings. Judge Schweikert's October 4, 2018 order followed a previously expressed consideration of excluding Plaintiff from proceedings.

(2) Defendant's motion for judgment on the pleadings (Doc. 13) be **GRANTED** as follows:

 (a) Plaintiff's claims for injunctive relief and for attorney's fees should be dismissed with prejudice;

 (b) Plaintiff's claim for declaratory relief should be dismissed either under *Rooker-Feldman* (with prejudice). However, as an alternative, dismissal under the doctrine of *Younger* abstention (without prejudice) is recommended;

 (c) If any reviewing court disagrees with the recommendation for dismissal of the claim for declaratory relief as specified in ¶ 2(b) of this Report and Recommendation, the undersigned would alternatively recommend dismissal of that claim on the merits;

(3) Based upon Plaintiff's inclusion of patently frivolous claims and arguments in clear violation of Rule 11, Fed. Civ. P., the undersigned further recommends that the Court issue a "show cause" order directing Plaintiff to show cause why a monetary sanction should not issue based upon the filing of the complaint.

               *s/ Stephanie K. Bowman*
               Stephanie K. Bowman
               United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ERIC C. DETERS

   Plaintiff,

v.

MARK SCHWEIKERT,

   Defendant

Case No. 1:19-cv-0024

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

16