**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ERIC C. DETERS** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:19-cv-024 |
| | : | |
| v. | : | Judge Dlott |
| | : | Magistrate Judge Bowman |
| **MARK SCHWEIKERT** | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR ATTORNEY FEES

COMES NOW Defendant, Honorable Mark Schweikert (Schweikert), pursuant to Fed. R. Civ. P.54(d) and 42 U.S.C. § 1988, and hereby moves this Court for an award of attorney fees.

Schweikert relies on the Declaration of Katherine L. Barbiere, attached as Exhibit A, the task-based time fee statement of Katherine L. Barbiere, reflecting her exercise of billing judgment, attached as Exhibit B, and the Memorandum of Law filed contemporaneously with this Motion.

**BASED UPON THE FOREGOING,** Schweikert respectfully requests this Honorable Court grant his Motion for Attorney Fees in an amount to be determined by this Honorable Court.

Respectfully submitted,

*/s/ Katherine L. Barbiere*
Lawrence E. Barbiere (0027106)
Katherine L. Barbiere (0089501)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road
Mason, Ohio 45040
513-583-4200 /513-583-4203 fax
Email: lbarbiere@smbplaw.com
Email: kbarbiere@smbplaw.com
***Attorneys for Defendant, Mark R. Schweikert***

### M E M O R A N D U M

**I.     INTRODUCTION**

Plaintiff filed a Complaint on January 8, 2019, alleging a violation of his First Amendment rights under the United States Constitution and Ohio Constitution.  (Doc 1).  Defendant Judge Mark Schweikert timely answered the Complaint on February 4, 2019 and moved for judgment on the pleadings on February 25, 2019.  This Court, on May 29, 2019, entered an Order and Judgement in this case in favor of Defendant Honorable Mark R. Schweikert (Schweikert).  Doc 20.  The Order granted Schweikert's Motion for Judgment on the Pleadings and dismissed the case.  The Order, due to plaintiff's inclusion of patently frivolous claims and arguments, in violation of Fed. R. Civ. P. 11, further directs Plaintiff to show cause why a monetary sanction should not issue based upon the filing of the Complaint.

**II.     ARGUMENT**

Claims for atotnrey fees and related non-taxable expenses shall be made by motion and, unless otherwise provided by statute or order of the Court, the motion must be filed no later than fourteen (14) days after entry of Judgment.  (F.R.C.P. 54(d)(2)(a)-(b)).  The motion for said fees must specify the judgment and the statute entitling the moving party to an award of attorney fees and it must also state an amount or provide a fair estimate of the amount sought.  (F.R.C.P. 54(d)(2)(B)).

**A. Defendant Schweikert is the Prevailing Party Undre Section 1988 and Thus Entitled to Attorney's Fees**

In this instance, 42 U.S.C. § 1988 allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases, including suits brought under § 1983. Although this analysis typically involves the grant of attorney fees to a prevailing plaintiff, the United States Supreme Court, in *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct.

694, 54 L.Ed.2d 648 (1978), held that § 1988 also authorizes a fee award to a prevailing defendant.  In enacting § 1988, the Supreme Court stated, Congress sought "to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420, 98 S.Ct. 694. Accordingly, § 1988 authorizes a district court to award attorney's fees to a defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 421, 98 S.Ct. 694; see also *Kentucky v. Graham,* 473 U.S. 159, 165, n. 9, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).  This is true even if the district court were to determine not all of the plaintiff's claims are frivolous.  *Fox v. Vice,* 563 U.S. 826, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011).  In this context, § 1988 serves to relieve a defendant of expenses attributable to frivolous charges.  *Id.* "The plaintiff acted wrongly in leveling such allegations, and the court may shift to him the reasonable costs that those claims imposed on his adversary." *Id.,* see *Christianburg,* 434 U.S., at 420-421, 98 S.Ct.694.

If a Complaint includes frivolous and non-frivolous claims, the next step in the analysis is to determine for what work a defendant may receive fees.  The question posed by the Supreme Court as the standard for making such determination is a "but-for" test – Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim.  *Fox,* 563 U.S. at 836.  Stated another way, a defendant may recover the reasonable attorney fees he expended solely because of the frivolous allegations.  *Id.* at 840.

An award of attorney fees under § 1988 is a matter of discretion with the trial court and is entitled to substantial deference.  *Wilson-Simmons v. Lake County Sheriff's Dept.,* 207 F.3d 818, 823 (6th Cir. 2000); *Cohn v. National Board of Trial Advocacy,* 238 F.3d 702, 704 (6th Cir. 2000).  In *Wilson-Simmons,* the Sixth Circuit explained the basis for such substantial deference to the trial court in imposing an award under § 1988:

> In light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters, an award of attorneys' fees under § 1988 is entitled to substantial deference. *Id.* at 823, quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) (internal quotation marks omitted).

Although a district court should not engage in post hoc reasoning and hindsight logic in concluding that a suit is without foundation because the plaintiff ultimately did not prevail, a plaintiff may be assessed an opponent's attorney fees where the claim is groundless at the outset or where it becomes clearly so and the plaintiff continues to litigate. *Id.*

In this case, Defendant Schweikert is the prevailing party under 42 U.S.C. § 1983. The Court has already found the Plaintiff's conduct in filing the Complaint to be frivolous. Plaintiff's Complaint alleged one cause of action under 42 U.S.C. § 1983 and sought declaratory and injunctive relief, as well as attorney fees and costs. The Court's Order found the inclusion of patently frivolous claims and arguments in clear violation of Fed.R.Civ.P. 11. (Doc 20, PAGEID 596). The Magistrate Judge's Report and Recommendation specifically identified the frivolous claims to be Deters' claim for injunctive relief as well as his claim for attorney fees. (Doc 18, PAGEID 584-585). Plaintiff's claim for declaratory judgment was dismissed under alternative theories of under *Rooker-Feldman* and *Younger* abstention. Plaintiff's claim for declaratory judgment was also dismissed on the merits if any reviewing court disagreed with the application of the aforementioned doctrines. (Doc 18, PAGEID 595-596).

Judge Schweikert is a visiting judge in Hamilton County, Ohio, and is currently presiding over the *Durrani* litigation which forms the basis of this lawsuit. As an acting judge and employee of Hamilton County, Judge Schweikert is entitled to representation by the Hamilton County Prosecutor's Office. Due to a conflict of interest arising from Joe Deters' prior participation in the *Durrani* litigation, the office of Schroeder, Maundrell, Barbiere & Powers

4

was retained to provide representation to Judge Schweikert in the multitude of ongoing litigation initiated by Deters Law. However, although conflict counsel was obtained, Hamilton County continues to pay for the representation of Schweikert. Thus, the filing of this Complaint was another frivolous and costly burden on the tax payers of Hamilton County who are shouldering the burden of attorney fees for the defense of the suits against Judge Schweikert.

Two of the three claims brought by Plaintiff in his Complaint have been found to be frivolous. The Report and Recommendation opined that the claim for declaratory judgment is not *wholly* frivolous because judicial immunity does not bar claims for declaratory relief. (Doc 18, PAGEID 585). However, this claim still lacked any factual or legal foundation and the Court dismissed it on three alternative bases. As such, Schweikert seeks full reimbursement to Hamilton County of the attorney fees reasonably incurred to defend the within action that was frivolous, unreasonable, and without foundation. Alternatively, if the Court believes the claim for declaratory relief was a legally supportable claim, Schweikert respectfully requests this Court reduce the fee amount and award a proportionate amount for the fees incurred in defending the patently frivolous allegations.

### B. Standard for Calculation of Attorney's Fees

Once the Court has determined that a party is entitled to attorney fees, reasonableness of the award then becomes key. This calculation is deduced through the "lodestar," a calculation that multiplies reasonable number of hours by reasonable hourly rates. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Imwalle v. Reliance Med. Prods. Inc.,* 515 F.3d 531, 551 (6th Cir. 2008). The lodestar is presumed to be a reasonable fee. *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air,* 478 U.S. 564 (1986). But, within limits, the trial court can adjust

the lodestar higher or lower in light of twelve factors considered relevant in this circuit. *See Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999).[1]

The computation of the lodestar, along with due consideration of the other pertinent factors, demonstrate that if the Court awards the full amount of fees incurred as a result of this litigation, the fees are reasonable.

### i. LODESTAR IS REASONABLE BASIS FOR FEE AWARD

Schweikert seems reasonable hours for the successful work of one attorney – 28.6 hours for Katherine L. Barbiere –following the exercise of billing judgment. Schweikert seeks an hourly rate of $175 for Barbiere, for a total fee award of $5,005.00.

#### a. Hours Expended in the Case are Reasonable

Judging what hours are reasonable, the Court should only exclude hours that are found to be "excessive, redundant or otherwise unnecessary." *Hensley,* 461 U.S. at 434. The standard is not whether the time expenditure was "strictly necessary" but "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Woolridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1173 (6th Cir. 1990) *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health and Human Res.,* 532 U.S. 598 (2001). All entries pursued by Schweikert with this motion are reasonable and compensable.

---

[1] The following factors are weighed: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Reed,* 179 F.3d at 471, n. 3 (citing factors previously adopted by the Fifth Circuit in *Johnson v. Georgia Hwy. Exp., Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

In support of the "time and labor involved," Defendant Schweikert submits an itemized statement showing the activity involved and time involved of his attorney, Katherine Barbiere. The sought after hours are reflected in the contemporaneous billing records maintained by counsel and substantiated with detailed explanations. (See attached Exhibit B). These hours are not redundant, excessive, or otherwise inappropriate. Plaintiff filed a 93-page complaint consisting of 400 numbered paragraphs and included 244 pages of attached exhibits. The Complaint is replete with accusations against Judge Schweikert, many of which were irrelevant to the present claim. Barbiere billed 28.6 hours on the case – the bulk of which was answering the Complaint. The remainder of the time was spent briefing the Motion for Judgment on the Pleadings and communicating with the client.

### b. Hourly Rates of Counsel are Reasonable

In regard to a customary fee, the Court must determine a reasonable rate. To determine a reasonable rate, the Court considers the attorneys' regular rates as well as prevailing rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). Prevailing market rate is "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter v. Hunt Valve Co.,* 510 F.3d 610, 618 (6th Cir. 2007) (citations omitted). If the attorney has no private practice to compare, the Court is to look to the fair market rate of the services. *Wells v. New Cherokee Corp.,* 58 F.3d 233, 239 (6th Cir. 1995).

Defendant submits that the hourly rate charged by counsel for this client is $175 per hour. Defendant submits that the hourly rate is comparable to the customary rate of counsel and the nature of the client. The prevailing market value of the legal services is established herein. Proof is taken from declarations of a lawyer on the subject. *Blum,* 465 U.S. at 895, n. 11. The

Declaration of Barbiere substantiates the hourly rate of $175. The Declaration of Barbiere further substantiates the hourly rates are in line with the legal community in the Southern District of Ohio. Additionally, Defendant submits that although customary rates for this region regarding this type of work can vary, this Court has approved a rate of $400 per hour for work in civil rights litigation. *See Hunter v. Hamilton Cty. Bd. of Elections,* 2013 WL 5467751 at *17 (S.D. Ohio, Sept. 30, 2013).

### ii. Other Factors Justify Lodestar Calculation

Other factors specified in *Reed* and *Johnson* support the lodestar calculation.

#### a. Time and Labor Required

Schweikert seeks recovery of 28.6 hours for Barbiere, work that was needed to advance litigation in this matter and achieve the eventual success. Barbiere verifies the need for these hours as well as their existence. (Ex. A). The time statement reveals the attorney time that was needed to achieve the desired (and successful) result.

#### b. Customary Fee for Like Work

Schweikert is seeking $175 per hourly rate for his attorney – an amount that is in line with the rates of attorneys with comparable skill and experience in civil litigation who regularly practice in the Southern District of Ohio. (Ex. A).

#### c. Contingent Nature of Attorney Work

The defense of Judge Schweikert in this litigation, as previously stated, is billed at an hourly rate of $175 and is paid for by Hamilton County. As such, the tax payers are shouldering the burden of defense for this patently frivolous suit.

#### d. Amount in Controversy and Results Obtained

8

This case was not about money, but instead about the sanctity of a legal courtroom and a judge's ability to preside without interruption. Plaintiff made a frivolous claim for attorney fees, which are not available against a judicial officer, and the remainder of his claims were for declaratory and injunctive relief. Plaintiff was denied the requested declaratory and injunctive relief. Schweikert prevailed on all counts and is therefore entitled to a full award of his fees.

### e. Experience, Reputation and Ability of Attorneys

Counsel for Judge Schweikert has performed a large percentage of her work defending municipalities and public entities. Katherine L. Barbiere has practiced in the area of civil defense and has consistently dedicated a large part of her practice to defending municipalities and public entities within the State of Ohio in state and federal court. Counsel has attached an Affidavit submitting her experience and reputation and further detailing the attorney's fees incurred in regard to the defense of the claims made by Eric Deters. (See Exh. A).

### f. Fee Award in Similar Cases

Given the importance of constitutional rights, courts routinely award appropriate fee amounts to litigants who vindicate these rights, even though they only receive a nominal or no sum in damages. *See, e.g., South Carolina for Responsible Gov't v. Krawcheck,* 2012 WL 2830274 (D. S.C. 2012) (awarding $366,542.79 where plaintiff only obtained partial success in constitutional claim); *Christensen v. Park City Mun. Corp.,* 2011 WL 2690536, at *7 (D. Utah July 11, 2011) (awarding $116,210.00 in fees to litigant who obtained $1 of nominal damages for violation of First Amendment rights). Similarly, the caselaw is clear that prevailing defendants are entitled to fees. *Wolfe v. Perry,* 412 F.3d 707, 721 (6th Cir. 2005); *Wilson-Simmons v. Lake County Sheriff's Dept.,* 307 F.3d 818, 823 (6th Cir. 2000), rehearing en banc denied (upholding an attorney fee award in excess of $17,000.00 in favor of prevailing defendant under § 1988).

### III. CONCLUSION

For the reasons set forth herein, Plaintiff Judge Mark Schweikert respectfully requests this Court grant his Motion for Attorney fees.

Respectfully submitted,

*/s/ Katherine L. Barbiere*
Lawrence E. Barbiere (0027106)
Katherine L. Barbiere (0089501)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road
Mason, Ohio 45040
513-583-4200
513-583-4203 fax
Email: lbarbiere@smbplaw.com
Email: kbarbiere@smbplaw.com
***Attorneys for Defendant, Mark R. Schweikert***

### CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019 a copy of the foregoing was filed using the Clerk of Court's CM/ECF filing system which will send notification of such filing to all counsel of record. Additionally, the following was served via regular mail:

Eric C. Deters
5247 Madison Pike
Independence, KY 41051

*/s/ Katherine L. Barbiere*
Katherine L. Barbiere (0089501)
