IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC C. DETERS, | : | Case No. 1:19-cv-24 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |
| MARK SCHWEIKERT, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Attorney Fees (Doc. 22) and Plaintiff's Show Cause Response (Doc. 23) to this Court's prior Order that he explain why Federal Rule of Civil Procedure 11 sanctions should not be imposed against Deters for filing a frivolous complaint. Deters filed no opposition to Schweikert's Motion for Attorney Fees.

Plaintiff, a former attorney who is no longer licensed to practice law, initiated this action *pro se* challenging Visiting Judge Mark Schweikert's Order dated October 4, 2018. In that Order, Schweikert—after repeatedly warning Deters to stop being disruptive during court proceedings—excluded Deters from attending further proceedings related to the Durrani Litigation. Deters initiated this action pursuant to 42 U.S.C. § 1983, filing a 93-page Complaint alleging that Schweikert, in his capacity as a visiting judge in the Hamilton County Court of Common Pleas, violated his rights under the Ohio and United States Constitutions by removing Deters from court proceedings related to the Durrani Litigation.[1] For the reasons explained in

---

[1] Although he is no longer licensed to practice law, Deters alleges that he works for his prior firm, Deters Law, "in many capacities including as a trial consultant and paralegal in the courtroom during hearings and trials." (Doc. 1 at PageID 2.)

1

the Report and Recommendation (Doc. 18), the Court previously granted Defendant's motion for judgment on the pleadings (Doc. 20).

Although Plaintiff has indicated that he no longer wishes to proceed with this action (Doc. 19), Plaintiff's filings have forced both the Defendant and the Court to expend time and resources adjudicating the patently frivolous claim presented. In addition, Plaintiff's Show Cause Response exhibits no remorse for such filing and little understanding of the applicable law. However, because 42 U.S.C. § 1988 entitles the Defendant, as the prevailing party in an action pursuant to § 1983, to an award of attorney's fees, the Court will not impose Rule 11 sanctions against Plaintiff this time. Instead, the Court has evaluated thoroughly the Defendant's fee request, and, employing a traditional lodestar analysis, finds it extremely reasonable for the work performed in this case.

Accordingly, the Defendant's Motion for Attorney Fees is hereby **GRANTED** in the amount of $5,005.00.

**IT IS SO ORDERED.**

Dated: July 30, 2019

_Susan J. Dlott_
Judge Susan J. Dlott
United States District Court